IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIELLE GARGANO | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 11-1012 (JBS-AMD) |
| v. | : | |
| WYNDHAM SKYLINE TOWER RESORTS, et al., | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Stephanie Ann Mitterhoff, Esq.
BRAMNICK, RODRIGUEZ, MITTERHOFF, GRABAS & WOODRUFF, LLC
1827 East Second Street
Scotch Plains, NJ 07076
     Attorney for Plaintiff

John Michael O'Connor, Esq.
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
     Attorney for Defendant

**SIMANDLE**, Chief Judge:

I.    **INTRODUCTION**

This matter is before the Court on a motion for summary

judgment brought by Defendant Wyndham Vacation Resorts ("Wyndham"

or "Defendant").[1] [Docket Item 38.] Plaintiff Danielle Gargano,

---

[1] In its notice of removal and in other submissions to the
Court, Defendant Wyndham explains that the original caption of
this case referred to "Wyndham Skyline Tower Resorts" and
"Fairfield Atlantic City Skyline," as well as other unnamed
defendants. Defendant asserts that the two named entities are not
legal entities and that Wyndham "is the only proper defendant in
this civil action . . . ." [Docket Item 1 at 1.] Plaintiff does

an employee of Mastercorp, a company that provided cleaning services to a Wyndham hotel on a contract basis, alleges that she was sexually assaulted at the hotel by Luis Lopez, a Wyndham employee. Plaintiff sued Wyndham for negligently hiring Mr. Lopez under New Jersey law. Plaintiff argues that Mr. Lopez had a reputation for a quick temper and was involved in at least two documented incidents of aggression toward other employees that should have put Wyndham on notice that hiring Mr. Lopez put other employees at risk of physical violence. Because Plaintiff has not adduced sufficient evidence to enable a reasonable jury to find that (1) Wyndham knew or should have known about a particular unfitness or dangerous attribute of Mr. Lopez's personality, or (2) plaintiff's injury, sexual assault, was reasonably foreseeable based on Mr. Lopez's record and employment history, the Court will grant Defendant's motion for summary judgment.

## II.  BACKGROUND

Most of the facts in this case are uncontested. Wyndham Vacation Resorts operates a hotel in Atlantic City, N.J. [Def. Br. at 3.] Wyndham contracted out housekeeping services at the hotel to Mastercorp, which employed approximately 60 people at the property, including a district manager, an executive housekeeper, an assistant executive housekeeper, five supervisors and approximately 40 to 50 housekeepers. [Id.]

---

not assert otherwise.

Plaintiff Danielle Gargano was hired by Mastercorp on February 10, 2010, as a part-time dispatcher, and was promoted to supervisor five months later. [Id. at 4.] As supervisor, Plaintiff's duties included inspecting rooms, overseeing the housekeepers and disciplining housekeepers, if necessary. [Id.]

Luis Lopez began working as a housekeeper at the resort in January 2010. [Id. at 5.] Plaintiff worked with Mr. Lopez two or three days a week, on average. [Id.] Plaintiff and Mr. Lopez did not socialize outside of work, but "would talk" while at work, and Plaintiff admits she "never really [had] a problem" with Mr. Lopez and never disciplined Mr. Lopez for his work or behavior. [Id.] According to Ledia Lane, Mastercorp's assistant executive housekeeper, and Dunia Barreda, Mastercorp's executive housekeeper, Plaintiff and Mr. Lopez worked together without incident. [Id. at 5-6.] Plaintiff never received complaints about Mr. Lopez's behavior, although Plaintiff asserts that she was not in a position to be aware of all Employee Counseling Notices involving Mr. Lopez. [Id. at 6; Pl. Opp'n at 1.]

In the six months that Mr. Lopez worked in the hotel for Mastercorp, Ms. Barreda received two complaints about Mr. Lopez which warranted disciplinary action. [Def. Br. at 7-8.] First, a male elevator attendant, Victor,[2] who was a Wyndham employee, complained that Mr. Lopez pushed a linen bin against the wall

_____

[2] The parties apparently do not know Victor's last name.

after Victor told Mr. Lopez he could not get in the elevator with him. [Id. at 7.] According to Ms. Barreda, Victor said that Mr. Lopez also pushed him during the dispute. [Pl. Opp'n at 5.] Defendant denies that Mr. Lopez pushed the attendant. [Def. R. Br. at 5.] Ms. Barreda issued a written disciplinary notice to Mr. Lopez for "using force" against another employee.[3] [Docket Item 40-2 at 74:1-5.] Mr. Lopez served a three-day suspension for the incident. [Pl. Opp'n at 5.]

The other incident occurred on July 8, 2010, when Mr. Lopez talked back to a male supervisor after the supervisor questioned Mr. Lopez about why he did not pick up some linens. [Def. Br. at 7.] Mr. Lopez "threaten[ed]" his supervisor, according to the description of the incident in the Mastercorp "Employee Counseling Notice." [Pl. Opp'n Exh. C at 2.] As explained below, Mr. Lopez was terminated after this altercation. [Def. Br. at 11.]

At no time during Mr. Lopez's employment with Mastercorp did female employees complain about inappropriate conduct by Mr. Lopez. [Id. at 8.] Supervisors never received any allegations of inappropriate sexual behavior by Mr. Lopez. [Id. at 15.]

In June 2010, several weeks before the supervisor incident

---

[3] The transcript of Ms. Barreda's declaration on this point reads, incoherently, "At that time I remember that I wrote him up for being – not disrespectful, but for using force against another employee knowledge." [Docket Item 40-2 at 74:3-5.]

that resulted in Mr. Lopez's termination, Wyndham changed the way
it handled cleaning the property. Wyndham decided to hire
employees directly to clean public spaces of the hotel, rather
than hire Mastercorp to do it, but Wyndham maintained its
contract with Mastercorp to clean guest rooms. [Id. at 8-9.]
Mastercorp advised some employees that, due to the new
arrangement, they would be laid off. [Id. at 9.]

Mr. Lopez was among the housekeepers scheduled to lose his
job, and he decided to apply for a job directly with Wyndham.
[Id.] As part of the application, he certified that he had never
been convicted of a crime and was not under arrest nor indicted
for a pending criminal matter. [Id.] Wyndham obtained a
background report on Mr. Lopez, which revealed no prior criminal
convictions. [Id. at 10.] Before hiring Mr. Lopez, Christine
Karby, Wyndham's assistant resort manager, spoke with Chris
Caussade, Mastercorp's district manager, who communicated no
reservations about hiring Mr. Lopez. [Id.] Wyndham extended a
verbal offer of employment to Mr. Lopez on July 7, 2010, which he
accepted a few days later, after receiving the offer in writing.
[Id. at 10-11.]

On July 8, 2010 - after Wyndham offered Mr. Lopez
employment, but before he accepted - Mr. Lopez and his supervisor
had a dispute, as described above, and Mastercorp terminated Mr.
Lopez. [Id. at 11; Pl. Opp'n Exh. C at 1.] At the time, Ms.

5

Barreda was aware that Mr. Lopez was slated to lose his job.
[Def. Br. at 11.] According to Ms. Barreda, a week or two after
Mr. Lopez was fired, and after Mr. Lopez accepted the job offer
from Wyndham, she told Wyndham's housekeeping supervisor that
Wyndham might not want to hire certain Mastercorp employees,
including Mr. Lopez. [Id. at 11-12.] Ms. Barreda did not
elaborate or explain her reasoning to any Wyndham executives.
[Id.]

Mr. Lopez completed Wyndham's orientation and training
program for new employees, which included a "Respect in the
Workplace" program, and Mr. Lopez was given printed policy
materials that included an explanation of Wyndham's sexual
harassment policy. [Id. at 13-14.] Mr. Lopez and Plaintiff then
worked together at the resort for about two months without
incident. [Id. at 14.] Wyndham received no complaints about Mr.
Lopez during that period. [Id.]

Plaintiff alleges that on September 11, 2010, Mr. Lopez
followed her into a linen room and assaulted her by grabbing her
arm, "rubbing his private area against her and putting her hand
on his private area." [Id. at 15.]

Plaintiff commenced a civil suit against Wyndham and other
defendants, in the Superior Court of New Jersey, alleging that
Wyndham negligently hired, retained or supervised Mr. Lopez.
[Notice of Removal Exh. A at 1; Compl. ¶ 7.]

6

Defendant removed the action to this Court on the basis of diversity jurisdiction, under 28 U.S.C. § 1441. [Notice of Removal at 1.] Defendant pled that Plaintiff is a citizen of New Jersey, and Wyndham is incorporated in Delaware, with its principal place of business in Florida. [Id. at 4.] Plaintiff demands damages of $2 million. [Id.; Notice of Removal Exh. D.] A motion to remand the case was dismissed by the Magistrate Judge. [Docket Item 16.] The Magistrate Judge also dismissed without prejudice Defendant's motion to dismiss. [Docket Item 21.]

Defendant brought the present motion for summary judgment. [Docket Item 38.]

## III.  DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case. Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). However, the Court will view the evidence and draw any reasonable inferences in the light most favorable to the nonmoving party. See Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

See also Scott v. Harris, 550 U.S. 372, 378 (2007) (the district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion."). Summary judgment cannot be granted if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### B. Arguments

Defendant Wyndham moves for summary judgment on the grounds that Plaintiff has produced no evidence that Wyndham knew or should have known that Mr. Lopez posed a sexual threat to others. [Def. Br. at 17, 20.] Defendant argues that nothing in the record indicates that Mr. Lopez "displayed a penchant for sexually assaulting females . . . ." [Def. Br. at 18.]

Defendant cites several cases, most from the District of New Jersey, in which the court granted summary judgment on the grounds that the plaintiffs did not supply sufficient evidence to oppose the motion. [Id. at 20-22.] Defendant also details the evidence that tends to demonstrate that Wyndham exercised due care in hiring Mr. Lopez, by conducting a background check and communicating with Mastercorp employees who did not raise any flags about Mr. Lopez as a sexual threat. [Id. at 23.] Defendant notes that Mastercorp never received any complaints about Mr. Lopez by females nor complaints about Mr. Lopez relating to any sexual misconduct. [Id.]

Plaintiff opposes the motion for summary judgment. [Pl. Opp'n at 14.] Plaintiff argues that because Mr. Lopez exhibited aggressive behavior prior to his hiring - indeed, he had been fired for refusing to follow a supervisor's instructions and threatening the supervisor - that Wyndham knew or had reason to know that, by hiring him, Wyndham was putting other hotel employees at risk of physical violence. [Id. at 8.] Plaintiff asserts that whether Wyndham had foreknowledge of Mr. Lopez's "dangerous character" is still disputed. [Id.]

Plaintiff argues that because Mr. Lopez displayed aggression toward other employees while working for Mastercorp within the Wyndham hotel, and because Mr. Lopez had pushed the elevator attendant, that Wyndham was in a position to have knowledge of Mr. Lopez's "propensity for violence." [Id. at 9-10.] Plaintiff asserts that Wyndham was aware of the incident involving the elevator operator, because the operator reported the incident to his supervisor, and Ms. Barreda in turn had a conversation about it with the front desk manager, a Wyndham employee.[4] [Id. at 10-11.] Plaintiff also recalled being told about an incident in which Mr. Lopez got into a fist fight with a Mastercorp

---

[4] Defendant denies that the desk manager "approached Ms. Barreda concerning any alleged incident concerning Mr. Lopez . . . ." [Docket Item 41-1 ¶¶ 6-8.] Still, Defendant argues that even if the statements are true, the information is irrelevant because the desk manager "maintained no authority to hire employees . . . ." [Id. ¶ 6]

supervisor on Wyndham grounds. [Id. at 12-13.] Plaintiff argues that Wyndham should have exercised reasonable care and discovered Mr. Lopez's dangerous attributes, such as a propensity to engage in violent physical altercations with coworkers within the Wyndham hotel. [Id. at 13.] Plaintiff further argues that by hiring Mr. Lopez, Wyndham "gave Lopez access to Ms. Gargano, and allowed him the opportunity to attack her." [Id.]

In sum, Plaintiff argues that Wyndham knew or should have known of Mr. Lopez's "dangerous attributes" prior to his hiring, because Mr. Lopez used force against the elevator attendant, a Wyndham employee, and that Mr. Lopez had been fired for threatening a supervisor. [Id. at 14.] Plaintiff further alleges that Wyndham should have known about Mr. Lopez's behavior, including the rumored fist fight between Mr. Lopez and a Mastercorp employee, because it occurred on the Wyndham property. [Id.]

Defendant responds that Plaintiff relies partially on hearsay, which cannot be considered when deciding a summary judgment motion. [Def. R. Br. at 3-5.] Specifically, testimony about a fist fight, and statements by the front desk manager made to Plaintiff, are not supported by competent evidence. [Id. at 4-5; Docket Item 41-1 ¶ 8.]

Defendant also argues that because Wyndham conducted a background check on Mr. Lopez, Defendant exercised due care and

is entitled to summary judgment. [Def. R. Br. at 9.]

## C. Analysis

The parties agree that New Jersey law applies to this case. New Jersey recognizes the tort of negligent hiring or retention of an incompetent, unfit or dangerous employee. Di Cosala v. Kay, 450 A.2d 508, 516 (N.J. 1982). Employers "may be liable for injuries to third persons proximately caused by such negligence." Id. See also D.T. v. Hunterdon, No. L-961-07, 2012 WL 4448774, at *10 (N.J. Super. Ct. App. Div. Sept. 27, 2012).

New Jersey courts refer to this cause of action as having "two fundamental elements," see e.g., Hunterdon, No. L-961-07, 2012 WL 4448774, at *10 (quoting Di Cosala, 450 A.2d at 516). First, employers must have known or had reason to know of "the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." Di Cosala, 450 A.2d at 516. Second, "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." Id. The "key element" of the tort is the "foreseeability of the employee's wrongful act, or the employer's knowledge of the employee's propensity to so act . . . ." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1020, 1034 (D.N.J. 1995) (applying New Jersey law).

At the outset, the Court notes that Plaintiff has not

adduced any evidence relating to Mr. Lopez's propensity for
sexual misconduct, let alone that Wyndham knew or should have
known about it. Nor has Plaintiff produced evidence showing that
the facts known about Mr. Lopez rendered his sexual assault
reasonably foreseeable. Mr. Lopez's criminal background revealed
no convictions, let alone any for sexual crimes, and there is no
evidence that anyone at Mastercorp or Wyndham ever fielded a
complaint by a female employee concerning Mr. Lopez, nor is there
evidence that Mr. Lopez was observed acting in a sexually
inappropriate manner. Mr. Lopez worked for half a year as a
Mastercorp employee, and two more months as a Wyndham employee,
without ever raising any suspicion that he was a sexual threat.

     Instead, Plaintiff urges the Court to conflate sexual
assault with general aggression, arguing that evidence of Mr.
Lopez's volatility or physical altercations creates an inference
that any aggressive act, such as sexual assault, was reasonably
foreseeable. However, the tort of negligent hiring or supervision
requires actual or constructive knowledge by the employer of the
"particular unfitness . . . or dangerous attributes" that
proximately cause the plaintiff's injuries. Di Cosala, 450 A.2d
at 516 (emphasis added). The injury that Plaintiff suffered,
serious as it was, was sexual in nature. Although Mr. Lopez
allegedly used force, Plaintiff admits in her deposition that
when Mr. Lopez "grabbed" her, he was not "trying to hurt me but .

. . he was trying to touch my arm and say, Oh, you know you would like it." [Docket Item 40-2 at 109:1-5.] The Court in no way discounts the physical or emotional harm suffered by victims of sexual assault, but the Court is faced with the question of whether this particular conduct and injury was reasonably foreseeable based on the evidence of Mr. Lopez's other outbursts, which involved shoving a linen bin and, allegedly, an elevator attendant out of anger, and defying a supervisor. The Court concludes, as any reasonable jury must, that it is not. Whatever impulse that caused Mr. Lopez to react in anger to Victor or his supervisor was not the same impulse that proximately caused Plaintiff's injuries. Force that Mr. Lopez used against Plaintiff was in pursuit of sexual gratification; force exhibited against Victor was very different in kind.

The Court finds guidance in a recent decision by the Superior Court of New Jersey, Appellate Division, involving negligent hiring and sexual assault. Hunterdon, 2012 WL 4448774, at *1. There, an employee at a hospital was arrested and convicted for sexual assault of a teenage volunteer. Id. at *2. The employee had no prior criminal history. Id. at *1. He owned a gun, which he had shown to the plaintiff, but his only workplace infractions, which were reported to his supervisors, were a shouting match with a fellow employee, tardiness and occasional disappearances during his shifts. Id. at *2. In affirming the

13

trial court's grant of summary judgment to the defendant employer, the appellate court concluded that "[t]here is simply nothing in this record to permit [defendant employer] to have reasonably foreseen [the employee] would engage in a sexual relationship with a teenage volunteer." Id. at *11.

The Fourth Circuit has decided a case that is even more analogous to the present action, although that court's holding is, of course, not binding precedent from the New Jersey Supreme Court. In that case, the Fourth Circuit rejected the argument that sexual assault was a foreseeable result of the employee's "'explosive' behavior in the workplace." Baker v. Booz Allen Hamilton, Inc., 358 Fed. Appx. 476, 483 (4th Cir. 2009). Although the Fourth Circuit recognized that the employee's demeanor and behavior at work was "deplorable" and included "slapping, throwing, shouting, screaming, [and] yelling," the court held that the employer could not reasonably anticipate that the employee's actions were "an inevitable prelude to sexual assault. . . . Slapping a fellow employee simply does not inexorably lead to criminal sexual assault." Id. at 479, 483.

The Court is convinced that two isolated, nonsexual outbursts over the course of several months, which resulted in no physical injuries nor any damage, could not put Wyndham on notice that Mr. Lopez was a sexual threat to other employees. The elevator incident, which allegedly involved Mr. Lopez pushing

14

Victor, resembles the shouting match in <u>Hunterdon</u> - a heated, spontaneous disagreement between employees - and is as insufficient a predictor of future sexual misconduct here as the dispute was in that case. Examples of Mr. Lopez's defiance or reputation for a quick temper, while suggestive that he might not be a model employee, do not indicate that sexual assault was reasonably foreseeable. Plaintiff does not cite any New Jersey case law holding that evidence of general character flaws or lapses are sufficiently particular to sustain a negligent hiring cause of action when the offending conduct is so different in kind.[5]

---

[5] Defendant cites an unpublished opinion from the Superior Court of New Jersey, Appellate Division, that it argues is persuasive on the point that even when an employee has a prior record, summary judgment on a negligent hiring claim is appropriate where the past misconduct is unrelated to the dangerous behavior that caused the injury. [Def. R. Br. at 7.] Defendant attached the opinion to the Defendant's Reply Brief, per New Jersey Rule 1:36-3 ("No unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel.").

In <u>Cartlidge v. Verizon New Jersey, Inc.</u>, 2009 N.J. Super. Unpub. LEXIS 1009 (N.J. Super. Ct. App. Div. Apr. 9, 2009), a Verizon employee was driving a company van when he began yelling at the driver in front of him for talking on his cell phone. <u>Id.</u> at *1. Later, the employee followed the driver into a restaurant and assaulted him. <u>Id.</u> at *2. The employee had a drug conviction on his record, as well as several speeding citations, questionable performance appraisals and disciplinary discussions in his employment history. <u>Id.</u> at *4-*6. The court rejected the argument that "evidence of his aggressive nature" in his driving record could defeat a motion for summary judgment when the offending conduct was off-road assault. <u>Id.</u> at *6, *8. The appellate court affirmed. <u>Id.</u> at *13.

The Court views this case as additional confirmation of its

The Plaintiff's evidence in the record is not sufficient to defeat summary judgment. The only evidence that Mr. Lopez ever exerted physical force against another person is the testimony about the elevator incident, during which Mr. Lopez allegedly pushed Victor in the elevator. There is a dispute about whether Mr. Lopez actually pushed Victor. Mr. Lopez denied pushing Victor to Ms. Barreda, and Plaintiff has provided no evidence from Victor or any eyewitness. Ms. Barreda did not witness the incident and her declaration that Victor said Mr. Lopez pushed him is hearsay, offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") However, Ms. Barreda also testified that she wrote up the incident and disciplined Mr. Lopez for the "using force" against others. Viewing this evidence in the light most favorable to Plaintiff, and assuming for the purposes of this motion that Lopez did push Victor, one incident of a physical altercation with a male employee, which resulted in no injury, is not sufficient to put

---

reading of Di Cosala and Hunterdon, and consistent with the sound reasoning of Baker: that Plaintiff cannot use evidence of general aggression or occasional, nonsexual outbursts that never resulted in injuries, to prove that sexual assault was reasonably foreseeable.

Wyndham on notice that hiring Mr. Lopez would put future employees at risk of sexual assault.

Plaintiff also points to the circumstances of Mr. Lopez's termination as further evidence of his general aggression. The evidence, however, only shows that Mr. Lopez was defiant. The description of the incident written on Mr. Lopez's Employee Counseling Notice merely says that he "refused to follow supervisor's direction and came back threatening the supervisor." [Pl. Opp'n Exh. C at 2.] There is no competent evidence that Mr. Lopez resorted to physical violence on this occasion. Again, like the "shouting match" in Hunterdon, 2012 WL 4448774, at *11, which did not make sexual assault foreseeable, isolated threatening words exchanged between Mr. Lopez and his supervisor likewise do not make sexual assault foreseeable. Moreover, Plaintiff does not present evidence that Wyndham executives knew or should have known of this incident, as it happened after Mr. Lopez was offered employment.

Plaintiff next points to testimony in Ms. Barreda's deposition that Mr. Lopez had a reputation for having a quick temper.[6] Having a quick temper does not make one a sexual threat. But even assuming this reputation made a future sexual assault

---

[6] Ms. Barreda also stated in her deposition that other than the elevator incident and supervisor incident for which he was terminated, she was unable to identify any other occasion where Mr. Lopez acted aggressive or displayed a bad temper. [Docket Item 38-3 at 136:16-19.]

foreseeable, Plaintiff does not present evidence that Wyndham knew or should have known about Mr. Lopez's reputation. The only evidence regarding what Wyndham executives knew, or should have known, about Mr. Lopez, suggests that Wyndham executives exercised due care and were not aware of any concerns about Mr. Lopez. They conducted a background check that revealed no convictions. Mr. Lopez certified he was not under arrest or indictment for any pending criminal matter. Mr. Lopez received policy statements and training about workplace conduct, including sexual harassment. Wyndham executives also had conversations with Mastercorp employees who were more familiar with Mr. Lopez and his work, who did not raise any specific red flags. Wyndham's assistant resort manager, Christine Karby, declared that despite "constant contacts" with both Ms. Barreda and Chris Caussade, Mastercorp's district manager, neither informed her of concerns with Mr. Lopez or his work. [Docket Item 38-5  ¶ 4.] Josette Caroccio, Wyndham's human resources manager, declared that she "was not aware of any concerns relating to Mr. Lopez's conduct in the workplace during his employment with Mastercorp." [Docket Item 38-6 ¶ 5.] Mr. Caussade declared that he was not aware of complaints made by any female co-workers against Mr. Lopez and, when he spoke with Wyndham executives in charge of hiring, he did not relay any concerns about Mr. Lopez. [Docket Item 38-7 ¶¶ 5, 8-9.] Based on this evidence, no reasonable jury could conclude

18

that Wyndham should have known about Mr. Lopez's reputation, and
even if it did, that sexual assault was a foreseeable risk,
because Mr. Lopez had no reputation related to sexual misconduct.

Plaintiff asserts that Ms. Barreda spoke to a Wyndham
executive and recommended not hiring former Mastercorp employees,
including Mr. Lopez, but Ms. Barreda also stated that she did not
explain her reasoning. [Docket Item 38-3 at 127:18 - 129:17.]
This conversation occurred after Mr. Lopez was hired, and gave
the Wyndham executive no basis for knowing about or suspecting
any "particular unfitness . . . or dangerous attributes" of Mr.
Lopez's personality. Plaintiff also asserts that Ms. Barreda
spoke with the front desk manager at the hotel, a Wyndham
employee, about the elevator incident, but Plaintiff presents no
evidence that the front desk manager was involved in the hiring
process for Mr. Lopez nor that she ever informed or was under a
duty to inform her superiors about Mr. Lopez. Indeed, those
involved in the hiring process declared they were not aware of
any complaints against Mr. Lopez. Plaintiff presents no other
evidence that Wyndham should have known about any particular
unfitness of Mr. Lopez for his job. Plaintiff merely suggests
that because Mr. Lopez worked in the Wyndham hotel, that Wyndham
executives should have known about his conduct.

Plaintiff also declared in her deposition that Mr. Lopez was
involved in a fist fight at work, but Plaintiff did not witness

19

the fight. [Docket Item 40-2 at 178:2-19.] This testimony is hearsay, as it is a statement made out of court, used to prove the truth of the matter asserted, and thus cannot be considered as evidence to oppose the motion for summary judgment. See Fed. R. Evid. 801(c); Fed. R. Civ. P. 56(c)(4). Plaintiff offers no other evidence to prove the fist fight took place.

In sum, Plaintiff has presented no evidence that Wyndham executives knew or should have known about Mr. Lopez's propensity for sexual abuse, which is the particular, dangerous attribute that was the proximate cause of Plaintiff's injury. Sexual assault was not a reasonably foreseeable consequence of hiring Mr. Lopez, based on what Wyndham executives knew or reasonably could be expected to have known, based on Mr. Lopez's background and work history. No person should be subject to the kind of deplorable conduct that Plaintiff alleges against Mr. Lopez, however in this case, recovery against Wyndham Vacation Resorts for that behavior is inappropriate. Thus, Defendant is entitled to summary judgment as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Defendant Wyndham's motion for summary judgment on the single count of

negligent hiring or supervision of Mr. Lopez. The accompanying

Order will be entered.


**October 29, 2012**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

21